UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA JOHNSON,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, et al.,

    Defendants.

CASE NO. C19-862 RSM

ORDER TO SHOW CAUSE

## I.     INTRODUCTION

Pro se Plaintiff Brenda Johnson has been granted leave to proceed *in forma pauperis* ("IFP") in this matter. Dkt. #6. Summonses have not issued after Johnson's Complaint was docketed on July 8, 2019. Dkt. #7. Because Johnson's Complaint suffers from multiple apparent deficiencies, the Court orders Johnson to show cause why the Complaint should not be dismissed.

## II.     BACKGROUND

Johnson's Complaint is difficult to comprehend. For instance, it is not immediately apparent who Johnson intends to sue. The caption of Johnson's Complaint includes the Washington Department of Transportation ("WSDOT"). Dkt. #7. The body of Johnson's Complaint, however, appears to only identify one or two individuals: "Patty Rubstello, WSDOT

ORDER – 1

PE Toll Operations, Director WSDOT." *Id.* at 2. Nevertheless, Johnson purports to bring employment discrimination claims and the Court assumes that Johnson intends to sue WSDOT.[1]

Johnson indicates that she is a female, is 52 years-old, and is disabled due to a "cardiac heart, back injury." *Id.* at 6. Johnson does not indicate her race, religion, or national origin. Johnson appears to allege that she was employed by WSDOT but also indicates that "she was discharged from employment at" Electronic Transaction Consultants Corporation ("ETCC") and appears to blame WSDOT employees for her termination. *Id.* at 4–5. As best the Court can discern, it appears that Johnson's employment was terminated on July 25, 2014.

Johnson's Complaint appears primarily based on federal discrimination statutes and various constitutional claims. She asserts claims under at least Title VII of the Civil Rights Act ("Title VII"),[2] the Age Discrimination in Employment Act ("ADEA"),[3] the Americans with Disabilities Act ("ADA"),[4] and the Fair Labor Standards Act ("FLSA").[5] *Id.* at 3–4. Johnson indicates that her best recollection is that she filed a charge with the "Equal Employment Opportunity Commission" on August 10, 2018 and a Notice of Right to Sue letter was received the same day. *Id.* at 9–10. Johnson also complains of her working conditions, her pay, a lack of

---

[1] Johnson cannot seek damages against individuals under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, or the Americans with Disabilities Act. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (noting that individual employees do not bear liability under Title VII and the ADEA as Congress only imposed liability on employers); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037–38 (9th Cir. 2006) (holding that "*Miller's* bar on suits against individual defendants also applies to suits brought under Title I of the ADA").

[2] 42 U.S.C. §§ 2000e to 2000e-17.

[3] 29 U.S.C. §§ 621 to 634.

[4] 42 U.S.C. §§ 12112 to 12117.

[5] 29 U.S.C. §§ 201 to 219.

ORDER – 2

protection, unequal terms of employment, retaliation, and a lock out without pay because of protected activity. *Id.* at 5. It appears that the allegedly discriminatory acts occurred between September 2013 and October 2014, though Johnson indicates they are continuing. *Id.* at 6. She seeks $10,000,000.00.

Johnson has also provided notice that she has other related cases within the District. The Court briefly summarizes those cases and provides some context for each:

- *Johnson v. Electronic Transaction Consultants Corporation et al.*, No. 14-5872RJB (W.D. Wash.) ("2014 action"). Johnson sued ETCC in state court alleging employment claims. ETCC removed to this Court based on diversity. Extensive litigation followed and the Court, on December 7, 2015, dismissed Johnson's claims with prejudice as a sanction.

- *Johnson v. Electronic Transaction Consultants Corporation et al.*, No. 17-6009RJB (W.D. Wash.) ("2017 action"). Johnson sought to proceed IFP in a lawsuit against ETCC, WSDOT, and Patty Rubstello, among others, asserting similar and identical claims. Johnson was denied IFP status because her claims appeared barred by the applicable statute of limitations and the case was ultimately dismissed when Johnson failed to pay the filing fee.

- *Johnson v. Electronic Transaction Consultants Corporation*, No. 19-337RAJ (W.D. Wash.) ("2019 action"). Johnson was granted IFP status in a lawsuit against ETCC, and apparently WSDOT, asserting many of the same claims. The Court denied Johnsons' motion for a temporary restraining order and a show cause order regarding service is pending in the case.

# III. DISCUSSION

Where a plaintiff proceeds *in forma pauperis*, as Johnson does here, the court is to dismiss the action, at any time, if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon only an initial review of Johnson's Complaint, the Court has identified numerous deficiencies which need to be addressed.

First, and as noted above, some of Johnson's claims appear to have previously been dismissed with prejudice in her 2014 action. "There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (citing *Colonial Auto Center v. Tomlin (In re Tomlin),* 105 F.3d 933, 936–37 (4th Cir.1997); *Daewoo Electronics Corp. of America, Inc. v. Western Auto Supply Co.,* 975 F.2d 474, 478 (8th Cir.1992)). Additionally, others appear to likely be at issue in Johnson's 2019 action before Judge Jones. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant) (citations omitted) (*overruled on other grounds Taylor v. Sturgell*, 553 U.S. 880 (2008)).

Second, and as noted in Johnson's 2017 action, Johnson's claims appear time-barred or barred by her failure to properly exhaust her administrative remedies. Johnson appears to have been terminated from employment in July 2014 and the latest action by defendants that she identifies occurred in October 2014.[6] Johnson was required to pursue most of her employment

---

[6] Two-year statute of limitations applicable to FLSA claims may be extended to three if employer's violation is willful. *See* 29 U.S.C. § 255(a); *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016).

ORDER – 4

claims administratively by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (EEOC charge required prior to initiating Title VII action); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (EEOC charge required prior to initiating ADA action); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (ADEA action requires prior filing with EEOC). Further, she was required to file her claims with the EEOC shortly after the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) (180 or 300-day period for Title VII and ADA); 29 U.S.C. § 626(d) (180-day period for ADEA). Further still, Johnson was required to file her action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(e). Johnson's claims appear to fail at each step of this process.

Third, Johnson's Complaint does not appear to satisfy appropriate pleading standards. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must include sufficient facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration in original) (citations omitted); Fed. R. Civ. P. 8(a)(2). Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2). Pro se pleadings are held to less stringent standards. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Johnson's Complaint appears to fall short. Johnson's history before the Court calls into question the factual basis of her action against WSDOT as she has previously asserted employment claims against ETCC. Johnson's claims are not clearly identified, and her factual allegations do not clearly support her legal claims. The Court struggles to determine precisely

ORDER – 5

what actions Johnson complains of and Johnson does not set forth clear allegations against Defendant Patty Rubstello.

In Response to this Order, Johnson must write a short and plain statement (1) identifying the legal claims she asserts and the facts supporting each claim, (2) explain why each of those claims is not precluded by way of her prior and current cases, and (3) explain why each claim that is not precluded is not otherwise untimely or barred by her failure to exhaust administrative remedies. **This Response may not exceed twelve (12) double-spaced pages**. The Court will not take further action in this case until Johnson has submitted a timely response.

## IV.     CONCLUSION

Accordingly, the Court hereby finds and ORDERS that Johnson shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case. The Clerk shall send a copy of this Order to Brenda Johnson at 1521 6th Avenue, Tacoma, Washington 98405.

Dated this 17th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6