# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRENDA JOHNSON, | CASE NO. C19-862RSM |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion to Objection dkt 23, dkt 26, Motion to Reopen, and Motion New Trial." Dkt. #30. On August 23, 2019, the Court dismissed Plaintiff's case because, even presuming that it adequately asserted a claim for relief, it appeared clearly barred by the applicable statutes of limitation and by Plaintiff's prior unsuccessful litigation. Dkt. #22 (further noting that while alerted of the apparent deficiencies, Plaintiff did nothing to address or remedy them). Plaintiff concurrently sought reconsideration and appealed to the United States Court of Appeals for the Ninth Circuit. Dkts. #27 and #28. Shortly thereafter, Plaintiff filed the pending Motion. Dkt. #30. After the Court denied Plaintiff's motion for reconsideration (Dkt. #31), the Ninth Circuit Court of Appeals held the appeal in abeyance until after resolution of the pending Motion. Dkt. #32. The Court now denies the pending Motion.

ORDER – 1

Plaintiff's Motion invokes only Federal Rule of Civil Procedure 60. Dkt. #30 at 3. Under Rule 60, the Court may grant relief from a final judgment or order "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Plaintiff premises her Motion "upon newly found evidence." Dkt. #30 at 1. However, if Plaintiff did in fact identify or present new evidence, the Court is unable to identify it. FED. R. CIV. P. 60(b)(2). To the extent Plaintiff does present new evidence, she makes no showing that the evidence is of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quotation marks and citation omitted). Still further, Plaintiff makes no effort to explain why her "new evidence" could not have been discovered earlier with reasonable diligence. *Id.* As Plaintiff has entirely failed to satisfy the requirements of Rule 60(b), Plaintiff's Motion is denied.

Arguably, the caption of Plaintiff's Motion may also invoke Rule 59. Dkt. #30 at 1 (including "Motion New Trial" in the caption). But even so, Plaintiff's Motion should be denied:

> "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

ORDER – 2

*clear error*, or if there is an intervening change in the controlling law.") (internal quotations omitted).

*Garcia v. Biter*, 195 F. Supp. 3d 1131, 1132–33 (E.D. Cal. 2016). Plaintiff's Motion does nothing to attempt to satisfy these requirements. To the extent Plaintiff's Motion merely seeks reconsideration, the Court has already denied a motion seeking reconsideration (Dkt. #31) and will not entertain successive motions.

Plaintiff's Motion fails to justify the relief she seeks. Accordingly, and having considered Plaintiff's Motion and the record herein, the Court finds and ORDERS that Plaintiff's "Motion to Objection dkt 23, dkt 26, Motion to Reopen, and Motion New Trial" (Dkt. #30) is DENIED.

Dated this 29 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3